CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
MAR 13 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| EVELYN D. WHITEHEAD, | CASE NO. 4:06CV00044 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security[1], | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's May 8, 2001 claim for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

In a decision dated October 21, 2002, a Law Judge found that plaintiff's disorders of the spine, status post laminectomy, diabetes, and osteomyelitis of the right fourth toe constituted severe

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Commissioner Jo Anne B. Barnhart as the defendant.

impairments but did not meet or equal any listed impairment, and plaintiff retained the residual functional capacity to perform sedentary work. (R. 126, 128, 130.) The Law Judge ultimately concluded that although she could not return to her past relevant work, jobs existed in the national economy that plaintiff could perform. (R. 128-130.)

Plaintiff appealed the Law Judge's October 21, 2002 decision to the Appeals Council. (R. 23, 180-182.) The Appeals Council found that plaintiff had provided new and material evidence warranting remand.[2] (R. 23, 180.) The Appeals Council vacated the Law Judge's decision and remanded the case. (R. 23, 179-182.)

A *de novo* hearing was held on January 20, 2005. (R. 23, 36-83.) In his April 20, 2005 decision, the Law Judge found that plaintiff was forty-eight years old and had not engaged in substantial gainful activity since her alleged date of disability onset, March 13, 2001. (R. 22-24, 34.) The Law Judge further found that the combination of plaintiff's cervical and lumbar impairments, high blood pressure[3], diabetes mellitus[4], and obesity[5] are severe impairments;

---

[2]The Appeals Council remanded the case to resolve the following issues: (1) the record revealed that plaintiff is obese; however, this impairment was not addressed by the Law Judge, and (2) the Law Judge found that plaintiff would need a sit/stand option but did not address the frequency plaintiff needs to change positions. (R. 180-182.)

[3]The Law Judge noted that plaintiff's high blood pressure is only severe when she is non-compliant with the prescribed medications. (R. 25.)

[4]The record reveals that plaintiff is non-compliant with the prescribed treatment for her diabetes mellitus. (R. 295, 297, 314, 363, 364, 620, 624.)

[5]The record reveals that plaintiff is 5'6" tall and that her weight ranges between 229 and 243 pounds. (R. 24.)

2

however, these impairments are not severe enough to meet or equal any listed impairment.[6] (R. 24-28, 34.) The Law Judge was of the view that plaintiff was "not fully credible," and as such, he could not "totally credit her allegations." (R. 29, 31, 34.) The Law Judge found that plaintiff retained the residual functional capacity to perform sedentary work with a sit/stand option every thirty minutes that is performed in an indoor, regulated air environment and does not involve lifting in excess of ten pounds. (R. 31, 35.) The Law Judge determined that although plaintiff's residual functional capacity precluded her from performing her past relevant work as a dye mixer and a school custodian[7], other jobs in the national economy were available to her.[8] (R. 32-33, 35.) Having determined there were other jobs available to plaintiff, the Law Judge ultimately found that plaintiff was not disabled under the Act. (R. 34-35.)

Plaintiff appealed the Law Judge's April 20, 2005 decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the decision. (R. 10-12.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir.

---

[6]The Law Judge found that plaintiff's mental impairment, carpal tunnel syndrome, and vision impairment are non-severe impairments. (R. 25.)

[7]Plaintiff's past relevant work as a dye mixer was medium, sometimes heavy exertional work, and her work as a school custodian was medium exertional work. (R. 32.)

[8]The Law Judge found that plaintiff could work as a machine operator/tender, a cashier, and could work in packaging and assembly. (R. 33.)

3

1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In the brief filed in support of her motion for summary judgment[9], plaintiff argues that the Law Judge failed to evaluate the severity of her multiple impairments individually and to assess whether the combination of her impairments imposed additional limitations on her ability to perform substantial gainful activity. (Plaintiff's Brief, p. 5.) The Law Judge addressed, at length, each of her impairments and their impact on her residual functional capacity. (R. 24-31.) The undersigned finds that the Law Judge properly evaluated plaintiff's impairments, both individually and collectively. Moreover, the Law Judge's finding that plaintiff is capable of performing a significant range of sedentary work is supported by substantial evidence.

At the request of her treating physician, plaintiff received an extensive functional capacity evaluation. The evaluation lasted more than four and a half hours, and the report of the findings is remarkably detailed and describes the tests performed, results obtained, and conclusions drawn regarding plaintiff's functional capacity to work. (R. 383-412.) The report consistently notes that plaintiff exhibited symptom/disability exaggeration behavior; she exerted submaximal effort which was unrelated to pain, impairment, or disability; she exerted a "very poor effort"; she was

---

[9]Plaintiff has proffered her letter briefs to the Appeals Council dated September 18, 2003 and September 22, 2005. (Pl's Brief, p. 5.) Though not technically in the form now accepted, the undersigned has considered these arguments and found them to be without merit.

4

physically more capable than her test results reveal; she exhibited a physical capacity inconsistent with her pain allegations; and her physical movements showed an "overreaction." (R. 383, 394-397, 399-400, 403, 405, 408, 411.) Also, the evaluator found that plaintiff has a *0% permanent impairment* in her cervical spine region. (R. 392.) Finally, and most significantly, the evaluator opined that plaintiff was physically capable of performing *"full time" work at a sedentary level.* (R. 386, 398 (emphasis added).)

Robert E. Price, M.D., plaintiff's treating physician, found that plaintiff could perform light work. (R. 371-372.) A physician at Danville Neurology Associates opined that plaintiff could perform a limited range of sedentary work. (R. 597-600.) A record reviewing physician found that plaintiff could perform light work.[10] (R. 349.)

Physical therapist David Love informed Dr. Price that plaintiff had been giving "submaximal effort" during her therapy with him and that she had a "negative attitude and one of being uncooperative with treatment." (R. 505-506.) Physical therapist Debora Duckett informed Dr. Price that plaintiff's reports about her functional capacity contained "many inconsistencies." (R. 499.) Duckett further informed Dr. Price that plaintiff "is able to perform *any and all activities asked of her*. She is able to bend down to the floor level to pick up her bag and put her shoes on." (R. 499 (emphasis added).) Finally, Duckett concluded that plaintiff's subjective statements regarding her functionality were inconsistent with the objective findings, and in Duckett's opinion, plaintiff was "looking to file for disability." (R. 500.)

Therefore, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's

---

[10] If a claimant can perform light work, she can also perform sedentary work. *See* 20 C.F.R. § 404.1567(b).

5

final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

3/13/07
Date